ABE SANDERS, ADMR., *v.* MARIAH WADDY (OF COLOR).

**Work and Labor—Implied Contracts.**

The appellant for the last five or six years prior to the death of Abe Sanders, washed, cooked and labored in his household and performed all the menial services required of her.

Held, that if the services were rendered, the law implies a promise to pay therefor unless she was laboring for the deceased without any expectation of receiving compensation and with a view of compensating him for maintaining her.

APPEAL FROM SHELBY CIRCUIT COURT.

October 26, 1872.

OPINION BY JUDGE PRYOR:

Abe Sanders and Mariah Waddy, both persons of color, lived together for many years prior to the war as man and wife. The husband was a free man prior to the war and the appellee, his wife, remained a slave until its termination, when she left her former master and lived with Abe, both recognizing the existence of the relation of husband and wife until Abe's death, which occurred in the year of 1871. The evidence shows that they

were both honest and industrious and Abe had accumulated an estate consisting of both lands and personalty, the latter valued at about fifteen hundred dollars. There never was any formal marriage between them, either prior to the freedom of both, or since. Abe carried on a blacksmith shop, cultivated a farm, having some hands engaged, all of whom boarded with him. The appellant, Mariah, for the last five or six years prior to his death, washed, cooked and labored in his household and performed all the menial services required of her and no doubt from the proof in the case, contributed to some extent, at least, in adding to the value of the estate owned by Abe at his death. The latter died without leaving any will or making any disposition of his property, leaving two children by a former wife who had been dead for several years. The two were not man and wife in a legal sense, as they had failed to comply with the requisitions of the statutes by which this conjugal relation between them would have been sanctioned by law. Mariah, after the death of Abe, instituted the present action against his administrator, asserting a claim against him, as such, for seven hundred dollars by reason of the work, labor and services performed by her for the decedent at his special instance and request. Upon an issue formed on this pleading, a judgment was rendered for Mariah, the appellee, for five hundred dollars, and from that judgment the administrator prosecutes this appeal.

The jury were told in the instruction given at the instance of appellee's counsel, that if the services were rendered as charged in the petition the law implies a promise to pay. To this instruction there can be no objection, and certainly no complaints can be made by the appellant, when, on his motion, instructions are given based upon the idea that if Mariah was laboring for the decedent without any expectation of receiving compensation, and with a view of recompensating the decedent for maintaining her, they must find for the defendant. The law was fully expounded to the jury and upon the facts proven, of which the jury were the sole judges, the verdict was rendered. There is testimony upon the part of the defense conducing to show declarations made by each of the parties, that the one was not claiming any interest in the property of the other and that the appellee occasionally worked from home and collected the price paid for

her labor. Such conflict in the testimony will not authorize this court to disturb the verdict, but on the contrary the facts appearing upon the record present a meritorious cause of action considered either by a court or jury. The numerous authorities relied on by the learned counsel for the appellant cannot be made applicable to a case like this. If the relation of husband and wife existed between Abe and Mariah she would be entitled, as his widow, to an interest in his estate, and as it is conceded that it does not exist, and such being the law, this supposed relation cannot be relied on as a bar to appellee's recovery in this action. The judgment of the court below is affirmed.

*Weakley, appellant.*

*Harwood, for appellee.*